# Exhibit

<div style="text-align:center; border: 1px solid black; padding: 2em; display:inline-block;">A</div>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------X  SUMMONS
DAWN PETERS,                Index No.:
                                            Date purchased

              Plaintiff,                    Plaintiff designates
                                            QUEENS County
         - against -                        As the Place of Trial


WALMART, INC.,                              Basis of Venue is
                                            Plaintiff's Residence

              Defendant.
----------------------------------------X

To the above named Defendant(s)

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:    New York, New York
          July 20, 2020

                                    _____
                                    ERIC H. MORRISON, ESQ.
                                    MORRISON & WAGNER, LLP
                                    Attorneys for Plaintiff
                                    49 West 38th Street, 15th Fl.
                                    New York, New York 10018
                                    (212) 343-8000

Defendant(s) Address

WALMART, INC.,
28 Liberty Street
New York, New York 10005

1

07/24/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------X
**DAWN PETERS**,

        Plaintiff,

   - against -

**WALMART, INC.**,

        Defendant.

----------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

.Plaintiff, as and for her Verified Complaint, complaining of the Defendant, by her attorneys, MORRISON & WAGNER, LLP, alleges and states as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF DAWN PETERS

1. That at all times herein mentioned, the Plaintiff, **DAWN PETERS**, was and still is a resident of the County of QUEENS, City and State of New York.

2. Upon information and belief, that at all times hereinafter mentioned, the Defendant, **WALMART, INC.**, was and is a foreign business corporation duly organized, existing and authorized under and by virtue of the Laws of the State of New York.

3. Upon information and belief, that at all times hereinafter mentioned, the Defendant, **WALMART, INC.**, was and is a

2

foreign corporation licensed to do business in the State of New York, pursuant to the Laws of the State of New York.

4. Upon information and belief, that at all times hereinafter mentioned, the Defendant, **WALMART, INC.**, was and is a foreign corporation not authorized to do business in the State of New York, but, nevertheless, was and is doing business on a regular basis in the State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, the Defendant, **WALMART, INC.**, solicits business in the State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, the Defendant, **WALMART, INC.**, expects its acts and business activities to have consequences within the State of New York.

7. That at all times herein mentioned, the Defendant, **WALMART, INC.**, owned the premises commonly known as Walmart, Store #: 5293 located at Green Acres Mall, 77 Green Acres Road South, Valley Stream, New York, in the County of Nassau and State of New York.

8. That at all times herein mentioned, the Defendant, **WALMART, INC.**, rented the premises commonly known as Walmart, Store #: 5293 located at Green Acres Mall, 77 Green Acres Road South, Valley Stream, New York, in the County of Nassau and State of New York.

07/24/2020

9. That at all times herein mentioned, the Defendant, **WALMART, INC.**, leased the premises commonly known as Walmart, Store #: 5293 located at Green Acres Mall, 77 Green Acres Road South, Valley Stream, New York, in the County of Nassau and State of New York.

10. That at all times herein mentioned, the Defendant, **WALMART, INC.**, by their agents, servants and/or employees, operated the aforesaid store.

11. That at all times herein mentioned, the Defendant, **WALMART, INC.**, by their agents, servants and/or employees, managed the aforesaid store.

12. That at all times herein mentioned, the Defendant, **WALMART, INC.**, by their agents, servants and/or employees, maintained the aforesaid store.

13. That at all times herein mentioned, the defendant, **WALMART, INC.**, by their agents, servants and/or employees, controlled the aforesaid store.

14. That at all times herein mentioned, the Defendant, **WALMART, INC.**, by their agents, servants and/or employees, inspected the aforesaid store.

15. That at all times herein mentioned, the Defendant, **WALMART, INC.**, by their agents, servants and/or employees, supervised the aforesaid store.

16. That at all times herein mentioned, the Defendant,

4

07/24/2020

WALMART, INC., by their agents, servants and/or employees, allowed said store to remain in a dangerous, defective, and/or hazardous condition.

17. That at all times herein mentioned, the Defendant, WALMART, INC., by their agents, servants and/or employees, had knowingly allowed the store to remain in a dangerous and hazardous condition.

18. That at all times herein mentioned, the Defendant, WALMART, INC., by their agents, servants and/or employees, caused and/or permitted a dangerous condition to exist at the aforesaid store.

19. That at all times herein mentioned, the Defendant, WALMART, INC., by their agents, servants and/or employees, failed to properly keep the aforesaid store in a safe and clean manner for customers to lawfully transverse at the aforesaid premises.

20. That on the 12th day of September 2019, Plaintiff, DAWN PETERS, was a lawful customer at the aforesaid location.

21. That on the 12th day of September 2019, the Plaintiff, DAWN PETERS, was caused to sustain serious and severe personal injuries as a result of a slip and fall on the floor at the aforementioned location.

22. That solely by reason of the negligence, recklessness and carelessness of the defendant, its agents, servants and/or employees as aforesaid, Plaintiff, DAWN PETERS,

5

07/24/2020

became sick, sore, lame, bruised and disabled; received serious permanent and severe injuries in and about diverse parts of her person was caused to undergo surgery to her right wrist and has experienced great pain and suffering and continues to suffer from said injuries, that said Plaintiff, **DAWN PETERS**, has been informed and verily believes said injuries to be permanent in nature and Plaintiff is and will be incapacitated for a long period of time, and Plaintiff was compelled to and did seek medical aid, attention and treatment and care and will be compelled to do so in the future and Plaintiff, **DAWN PETERS**, was in other ways damaged.

23. That the occurrence was caused solely by the negligence, recklessness, and carelessness of the Defendant herein, its agents, servants, and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

24. This action falls within one or more of the exceptions set forth in Article 16 of the CPLR.

25. That by reason of the foregoing, the Plaintiff, **DAWN PETERS**, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and said amount is to be determined by this Honorable Court, all together with costs and disbursements of this action.

**WHEREFORE**, the plaintiff demands judgment against the defendant as follows:

6

07/24/2020

Plaintiff demands judgment against the defendant **In the First Cause of Action**, in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and said amount is to be determined by this Honorable Court all together with the costs and disbursements of this action.

Dated:   New York, New York
         July 20, 2020

*[signature]*

ERIC H. MORRISON, ESQ.
MORRISON & WAGNER, LLP
Attorneys for the Plaintiff
49 West 38th Street, 15th Fl.
New York, New York 10018
(212) 343-8000

STATE OF NEW YORK, COUNTY OF NEW YORK:

I, ERIC H. MORRISON, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s) herein. I have read the annexed Summons and Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:
Telephone conversations with the plaintiff
review of documents in file.

The reason I make this affirmation instead of plaintiff(s) is because the plaintiff(s) reside in a county other than where your affirmant maintains his office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated:    New York, New York
          July 20, 2020

*ERIC H. MORRISON*

8

Index No.:                                                                 Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

DAWN PETERS,

        Plaintiff,

-against-

WALMART, INC.,

        Defendant.

---

### VERIFIED SUMMONS AND COMPLAINT

---

MORRISON & WAGNER, LLP

*Attorneys at Law*

*Attorneys for Plaintiff (s)*

49 WEST 38TH STREET, 15TH FLOOR
NEW YORK, NEW YORK 10018
(212) 343-8000

---

*Pursuant to 22 NYCRR 130-1-.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquire, the contentions contained in the annexed document are not frivolous.*

Dated:_____                    Signature_____
                                        Print Signer's Name_____

---

Service of a copy of the within                              is hereby admitted.

07/24/2020

WM 20-330 AB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X
DAWN PETERS,

        Plaintiff,

-against-

WAL-MART STORES EAST, LP,

        Defendant.
-------------------------------------------------------------------X

Index No.: 710644/2020

**VERIFIED ANSWER**

The defendant, WAL-MART STORES EAST, LP, by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

## AS TO THE FIRST CAUSE OF ACTION

1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

2: Defendant denies the allegations set forth in paragraphs marked "2", "3", "4" and "5" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

3: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "6" except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

4: Defendant denies the allegations set forth in paragraphs marked "7", "8" and "9" except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the Valley Stream Walmart store.

5: The allegations contained in paragraph marked "10" are admitted.

6: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "11", "12", "13", "14" and "15" and refers all questions of law to the trial court.

7: Defendant denies the allegations set forth in paragraphs marked "16", "17", "18" and "19" and each and every part thereof.

8: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "20" and "21" and each and every part thereof.

9: Defendant denies the allegations set forth in paragraphs marked "22" and "23" and each and every part thereof.

10: Defendant denies the allegation set forth in paragraph marked "24" and refers all questions of law to the trial court.

11: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "25" and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP, requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
August 06, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 20-330 AB

TO: MORRISON & WAGNER, LLP
Attorneys for Plaintiff
49 West 38th Street, 15th Floor
New York, New York 10018
(212) 343-8000

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      August 06, 2020

                                      PATRICIA A. O'CONNOR